Marsh axe,
 
 Ch. J.
 

 ai'ier stating the facts of the case., delivered the opinion of the Court hs follows:
 

 " It is admitted that if the preliminary Requisites of the law have not been complied with, the collector could have no authority to sell, and the conveyance can pass' no title. On the part of the «Plaintiff in error it is insisted that these requisites have been performed, andthat the instruction given by the judge is erroneous. The instruction is that the sale was unauthorized and. void.
 

 It was proved in the cause that the proprietors of the land in controversy were non-residents of the state of Tennessee when the tax was assessed, and continued to he so to the time of bringing the action, and that they had no known agents in that state,
 

 
 *68
 
 Tlie mode' of proceeding with respect to non-residents is prescribed in the 11th and 13th sections of the act imposing the direct tax.
 

 The object of the provisions of the 11th section is «lands, dwelling houses and slaves which shall not he « owhed by or in the occupation or under the care or “ superintendance of some person within the collection
 
 “
 
 district iwhqre the same shaíl be situated or found at
 
 “
 
 the time of the assessment aforesaid.”
 

 It is alleged that the Plaintiff helow did not entitle himself to the provisions' of this section by bringing himself within its description. He was. a non-res;dent and had no known agent, hut has not shown that there was no occupant of the land.
 

 . The testimony offered by both Plaintiff and Defendant is spread upon the record; a,nd although the Plaintiff has not shown that there was no occupant, yet that fact came out'in the testimony of the Defendant before the opinion of the Court was given. One of the tax lists produced by him states the land to he without an occupant; and the other which states John Grant to he the occupant, is so far .disproved, because the case admits John Grant, to: have been, at the time, an inhabitant of .Kentucky without any agent in the state, of Tennessee. .
 

 The requisites of the 13th section of the act, which prescribes the course to be pursued where lands are to be sold because the taxes are in arrear and unpaid for twelve months, have been observed. The requisites of the lltli section, which prescribes the duty of the collector after the assessment of the tax before lie can proceed to. distrain for it, have not been observed. The cause depends on this single point — was it the duty of the collector, previous to selling the lands of a non-residen1 in. the manner prescribed by the 13th section of the act to. make the publications prescribed in the 11th section ?
 

 Tins will require a consideration df the. spirit and intent of the law.
 

 
 *69
 
 Tire 9th section makes it the duty of the collector to advertise tiiat tire tax has become,due and payable, and tire times' and places at which he will attend for its collection. It is tiren his duty- to apply once at the respective dwellings of those who have failed to attend sucflr ■ places, and there demand the taxes respectively due from them. If the taxes shall not be then paid, or within twenty days thereafter, t is lawful'fot* the collector to proceed to collect the same by distress and sale.
 

 ■ The 11th section prescribes the duty of the collector with respect to lands, &c. not owned, &c. by some..person within the collection district wherein the same shall be situated.
 

 Upon receiving lists of such lands, &c he is to transmit certified copies thereof to the surveyors of the revenue ' of tire assessment districts, respectively, within which such persons respectively reside, whose1 duty it is to give, personal notice of the claim, tb those who are liable for it. If the tax shall not be paid within a specified time after this notice, it then becomes the duty of the collector to collect the same by. distress.
 

 If the residence of the owner of sum land be unknown, this section-requires certain publications to be made .as a substitute for personal notice; after which it is the .duty of the collector to proceed to collect the tax .by distress in like manner as where a personal demand has been made.
 

 Tire ISth section prescribes the duty of the collector, and the forms to be observed in the sale of land the taxes on which remain, unpaid for one year. This section contains no reference ¿o those which preceded it, but marks ort the course of the collector in the.specific case. It is therefore contended, and the argument has great weight,-that if the requisites of this section be complied with, the sale is valid. This opinion is in conformity with the k -ter of the section; and it is conceded that'the intent must be very clear which will justify a connexion of that section wi.th those which precede it, so as to ingraft, upon" it those acts which must be performed by the collector before, Ire ran distrain for taxes. But in this case, when wc take the whole, sta
 
 *70
 
 tule together, such intent is believed
 
 to
 
 he sufficiently apparent •
 

 There is, throughout the act, an obvious anxiety in legislature' to avoid roerciye means of collection, unless such means should be necessary; and to g ve every owner of lands the most full information of the sum for which he-was liable, and to afford him the most easy opportunity to pay it. Thus the accruing of the tax is to be advertised, and the times and places at which the collector will attend to receive it. A personal demand at tbe dwelling houses of those who. have neglected to attend to this notice must then be made, a- reasonable time before the collector caii collect the tax by distress. Where lands are owned by non-residents whose places of residence ara known, this personal notice is still required ;. and where their residence is unknown, certain puod'eations are Substituted for and deemed, equivalent to personal notice and demand./ In each case, it is .made the duty of the collector to proceed to collect, the tax by distress and sale.
 

 From this view of the law it is inferred, not only that the legislature was anxious to avoid coercive means, of collection, but has also manifested a solicitude to collect . the tax by distress arid sale of personal property''rather than by a sale of the land, its-If. That all the. means of co|ie' tion prescribed in the act must have been .tried, and iniist have failed before a sale of the land can be made. The duty of the, collector to make a p< rsonal demqnd from the resident, owner of lands, and to make those publications which the law substitutes for a personal demand where the residence of the owner is. unknown, does hot depend on the fact that personal property is or is not on the land from which (lie tax ináy be lryicd by distress. It is his duty to proceed in the manner prescribed in the 9t!i and Uth sections, in every case. After having so proceeded, it is his positive duty to le,vy the tax by distress, if property liable to distress can'be found. If, notwithstanding the proceedings directed in the 9th and f ttii sections; the tax shall remain one year unpaid, it is to be raised by a sale of the lard. It appears to the Court that the 13th section pre-supposes-every thing enjoined in the 9th and 11th sections td have been performed, and that the validity of the
 
 *71
 
 sale of land owned by a non-resident, made by the co!lec tor for the non-payment of taxes must depend not only on his having made the publications required in the 13th section, but. on his having made those also which are required in the 11th section. Those publications not having been made in this case, it is the opinion of the majority of this Court that tue Sale is void, and that the judge of the District Court committed no error in giving this instruction to the jury. The judgment is affirmed with costs.