*584
 
 It is decided by the Supreme Court of the United States, in
 
 Parker
 
 v.
 
 Role’s
 
 Lessee, that the thirteenth section * of the act of 1798, ch. 32, is dependent upon the ninth and eleventh sections of that act and presupposes that all is done which those sections prescribe; and we must inquire what that is. Under this act there is no previous judgment given by a court to authorize a sale for taxes, as is rendered in this State previous to a sale of taxes ; and therefore every circumstance prescribed by the act of Congress is to be considered as a guard to prevent oppression; and a condition without the observance of which the sale which follows will not be good. What then do all these sections require ? The eleventh directs publication in four gazettes of the State, if so many there be, containing copies of the lists made out by the assessors, a statement of the amount of taxes, and a notification to pay them. And after the lapse of one year the collector is to publish in six public places in the district, and in two gazettes of the State. The latter, of course, should conform to the lists, and these are to specify the quantity of the land, and the name of the owner, or occupant, if known (1798, ch. 87, § 9) ; that is to say, the quantity of each tract. To sum up all, there should appear to be an advertisement for 60 days of the lists, amount of taxes, and notification to pay, followed after equity by an advertisement, after specifying the land to be sold by the quantity in each tract. Here the land is stated in the list to be 640 acres, and in the advertisement to be 1,280, so that the owner of 320 must pay for all the 1,280 and three fourths more than the amount of taxes due on his tract. Here was no publication of the lists, amount of taxes, or demand of payment at all, nor any specification of the lands to be sold.
 

 Those material circumstances have been omitted, and the sale cannot be good.
 

 The provisions of the ninth and eleventh sections are intended to procure payment from the personal estate if possible, and when these fail of their effect, and not before, is resort to be had to the real estate, and they apply * equally to all descriptions of persons who owe the taxes.' 9 Cranch, 70,
 

 Affirm the judgment.
 

 See 1 U. S. Statutes at Large, 58;
 
 Campbell
 
 v.
 
 McIrwin,
 
 4 Hay. 60, and eases cited
 
 sub fin.