## HOBART *against* FRISBIE and another :

### IN ERROR.

The acquisition of title to real estate by execution being founded on the positive provisions of statute, and in derogation of the common law, it is incumbent on the party claiming such title to shew, that all the requirements of the statute have been strictly complied with.

A plaintiff claiming title by execution must directly aver all the facts requisite to constitute such title, a recital of the officer's return, in which those facts are stated, being insufficient.

Therefore, where the plaintiff in a bill to redeem mortgaged premises, claiming title by the levy of an execution on the equity of redemption, averred, that *the plaintiff caused said execution to be duly and legally levied on the land, and the same was set off to the plaintiff in due form of law, in full satisfaction of such execution, which by the files and records of the court in the same remaining more fully appears*; and the defendant having prayed oyer of the officer's return, recited it in his answer, from which it appeared, that the execution and the doings of the officer thereon were duly returned and recorded; it was held, on demurrer, that the bill, for want of a direct averment of such return and record, was insufficient.

If an execution be levied on an equity of redemption of greater value than the amount of the execution, it must be levied on an undivided part, bearing such proportion to the whole, as the amount of the execution bears to the whole value of the equity of redemption.

This was a bill in chancery against *Calvin Frisbie* and *Elias Pond*, to redeem a certain piece of land mortgaged to *Frisbie*, by *Pond*, the equity of redemption in which had been foreclosed by *Frisbie*.  The bill stated, that the plaintiff attached the premises before foreclosure, and having obtained judgment, levied his execution within four months thereafter, but not until after the foreclosure had taken effect; that the plaintiff was ignorant of the decree of foreclosure, and has since tendered to *Frisbie* the mortgage money due to him.  The averment in the bill regarding the levy of the execution, was as follows: " On the 18th of *December*, 1820, the plaintiff caused said execution to be duly and legally levied on said land, and the same was set off to the plaintiff in due form of law, in full satisfaction of said judgment and execution ; all which, by the files and records of said county court in the same remaining more fully appears." *Frisbie*, having prayed oyer of the execution and of the return thereon, recited them in his answer, and demurred to the bill. From the return, it appeared, That *Pond's* equity of redemption, was appraised at 1200 dollars ; that the debt due to *Frisbie*, was 211 dollars ; and that the plaintiff's execution and costs amounted to 175 dollars, 11 cents : That the officer set off to the plaintiff an interest in the equity of redemption in such proportion to the whole of said equity of redemption, as the sum of 175 dollars, 11 cents, bears to the sum of 211 dollars, in full satisfation of the execution : That on the 4th of *January*, 1821, the officer caused the execution and his endorsements thereon, to be entered on the records of land in the town of *Branford*, where the property in question lies ; which was further evinced, by the certificate of the town-clerk.  The superior court adjudged the bill insufficient, and dismissed it.  To obtain a reversal of this decree, the present writ of error was brought.

*Hitchcock*, for the plaintiff, contended, 1. That the direct and explicit averment in the bill, that the execution was duly and legally levied, and that the land was set off to the plaintiff in due form of law, in full satisfaction of the judgment and execution, with a reference to the files and records of the court, from which all the proceedings appeared, including the return and record of the execution, with the doings of the officer endorsed thereon, was sufficient.

2. That under our statute, before the revision of 1821, the le-

*New-Haven,*
July,
1825.

Hobart
*v.*
Frisbie.

*New-Haven,*
July,
1825.

Hobart
*v.*
Frisbie.

vy in question, was good.   *Jesup* & al. v. *Batterson, 5 Day* 368.
2 *Swift's Dig.* 182.

*Daggett,* for the defendants, insisted, That the bill was insufficient, and that the decree of the superior court, was, therefore, correct ; 1. Because the plaintiff has not averred, that the execution has ever been recorded or returned ; there being no direct averment in relation to this subject, and the reference to the officer's return amounting, at most, only to a recital of the evidence.

2. Because by the return, it appears, the levy was void ; the creditor having taken of the debtor's land many times the amount of his debt.   He should have taken in the proportion of his debt to the value of the equity of redemption ; whereas he has taken in the proportion of his debt to the debt due the mortgagee.

PETERS, J.   The defendants contend, 1. that the bill contains no averment, that the execution and the doings of the officer thereon were duly recorded or returned, but a mere recital of the evidence thereof ; and 2. that the officer's return sets off to the creditor neither the whole, nor a correct proportion, of the equity of redemption.

1. By the recital of the return, it becomes parcel of the bill ; and it is included in the demurrer.   The averment in the bill is, that the plaintiff caused the execution to be duly levied on the land ; and that the same was set off, in due form of law, in full satisfaction of the execution.   The recording of an execution, and the return thereof, when levied on real estate, are essential requisites prescribed by statute.   *Tit.* 63. *p.* 283. But it no where appears, expressly or impliedly, that these were ever done.   The expression "duly levied," has no reference or allusion to the acts of the town-clerk ; and the recital of his certificate, is, certainly, not an averment.   It is an established rule in pleading, that the plaintiff should declare on the facts constituting the gist of his action, according to their legal operation, and not on the evidence of those facts.   *Brunson* v. *Brunson,*   2 *Root* 73.   *Cooke* v. *Simms,* 2 *Call.* 39. *Bacon* v. *Page,* 1 *Conn. Rep.* 404.   1 *Swift's Dig.* 601.

2. By the officer's return, it appears, that the equity of redemption was appraised at 1200 dollars ; that the debt due the mortgagee, was 211 dollars ; and the execution and costs, 175 dollars, 11 cents.   When an execution is levied on an

equity of redemption, and is of sufficient magnitude to take the whole, it may be levied on the whole; and the equity of redemption will be transferred to and vested in the levying creditor; and he will have a right to redeem, the right of the mortgagor being extinguished. 2 *Swift's Dig.* 182. *Punderson* v. *Brown,* 1 *Day* 93. But as an equity of redemption is indivisible, and cannot be separated by metes and bounds, when the execution is not sufficient to take the whole, it must be levied on an undivided part in such proportion as the sum of the execution and costs bears to the value of such equity; whereby the levying creditor becomes tenant in common with the mortgagor, in the same manner as when a part of a tenancy in common is taken in execution. 1 *Swift's Dig.* 155. *Hinman* v. *Leavenworth,* 2 *Conn. Rep.* 244. n. *Scripture* v. *Johnson,* 3 *Conn. Rep.* 211. But in the present case, the officer has set off to the levying creditor a part of the equity of redemption in such proportion as the sum of the execution and costs bears to *the debt due the mortgagee,* instead of *the interest of the mortgagor.* The acquisition of real estate by execution, is derived from statute: it is in derogation of the common law, and is *stricti juris.* When the inheritance of a citizen is swept from under his feet, by legal process; when an unfeeling creditor can say to his humble dependent—" *Hæc mea sunt, veteres migrate, coloni!*" the rigid rules of the *summum jus* ought to be enforced, and an omission of any statute requisite, considered fatal to the claimant. (*a*)

I am, therefore, of opinion, that there is nothing erroneous in the judgment complained of.

HOSMER, Ch. J. and BRISTOL, J. were of the same opinion; BRAINARD, J. being absent.

Judgment affirmed.

(*a*) *Parker* v. *Rule's* lessee, 9 *Cranch* 64.