## PERRY *v.* CARR.

A bill in equity must state a case upon which, if admitted by the answer,
a decree can be made ; therefore a bill to redeem from a sale upon exe-
cution of a right of redemption, which contains no averment of readi-
ness to pay and an offer to pay, is bad on demurrer, for want of equity.

THE facts in this case sufficiently appear from the opin-
ion of the court.

*A. S. Marshall*, for the plaintiff.

*W. H. Bartlett* and *E. B. S. Sanborn*, for the defendant.

BELLOWS, J.   This is a bill in equity to redeem a tract
of land in Hopkinton from a sale on execution of the
equity of redemption, to the defendant, in May, 1859, and
to compel the release to the plaintiff of the interest ac-
quired by such sale.   The bill alleges that the plaintiff,
having acquired by deed the title of Bowers, the execution
debtor, tendered to the defendant, November 29, 1859, the
amount of the purchase money and interest and reasonable
charges, and demanded a release of his interest; to which
the defendant demurs for want of equity, and in his argu-
ment assigns for cause that the bill does not allege that
the plaintiff has always been ready and is still ready to pay
the money tendered; and makes no offer to pay.
    Upon examination, it appears that the bill contains no
such allegations, and we are therefore of the opinion that
the demurrer is well taken.   In general, the plaintiff must
state in his bill a case upon which, if admitted by the
answer, or proved at the hearing, this court can make a
decree.   1 Dan. Ch. Pr. 412.   The right, title, or claim of
the plaintiff should be stated with accuracy and clearness,
so that the defendant shall be informed what he is to meet.

Story Eq. Pl., secs. 240, 255, 257. Where the plaintiff, in a bill to redeem, claimed under a levy of execution, but failed to state a return of the execution and record, on demurrer the bill was held to be defective. *Hobart* v. *Frisbe*, 5 Conn. 592; and see *Crocker* v. *Higgins*, 7 Conn. 342. On a bill to enforce a reconveyance of land, it was held that the plaintiff should aver a readiness to pay the money. *Buffum* v. *Buffum*, 11 N. H. 459. In *Frost* v. *Flanders*, 37 N. H. 547, *Perley*, C. J., holds that a bill to enforce a contract for the conveyance of land, when the plaintiff relies upon a tender of the price, should contain an offer to pay; and so in a bill or other proceeding to obtain a release, after tender of the appraised value of land set off on execution. In that case it is held that when an execution is extended upon land, and the debtor, in a writ of entry, relies on a tender to discharge the land from the extent, he must bring the amount tendered into court. For aught we can see, the case of a sale of the equity of redemption stands upon the same footing, the provisions for the redemption and release being substantially the same. The offer to pay the money tendered should therefore have been made in the bill, and the money brought into court, without which the plaintiff would not be entitled to a decree. The bill, therefore,

*Must be dismissed.*