## W. W. ROBBINS V. BARTON BROS.

1. PETITION — *Liberal Construction.* Where a petition is challenged after answer by an objection to the introduction of evidence because it does not state facts sufficient to constitute a cause of action, the petition should be construed liberally, for the purpose of sustaining the same.

2. —— *Cause of Action, Stated.* Petition examined, and *held* sufficient to constitute a cause of action for deceit.

3. DECEIT — *Evidence Erroneously Admitted.* In an action for deceit, where the plaintiff relies upon certain representations made by the defendant concerning the financial standing of H. G. G., it is error for the court to admit evidence as to what the defendant said concerning N. E. G's. financial standing, without in any way connecting the latter with the former, or showing that they are one and the same person.

*Error from Kingman District Court.*

ACTION by *Barton Bros.* against *Robbins,* to recover damages for fraudulent representations. Judgment for plaintiffs for $624.84. Defendant comes to this court. The opinion states the facts.

*Gillett Bros. & Co.,* and *Geo. W. Willis,* for plaintiff in error:

The objection to the introduction of evidence should have been sustained, for the reason that the amended petition did

not state a cause of action, in this, that it did not allege an intent on the part of Robbins to cheat, injure or defraud the plaintiff. See 5 Am. & Eng. Encyc. of Law, 318; Benj., Sales, § 638; 2 Addison, Torts (Wood's ed.), § 1216; Estee, Pleadings (3d. ed.), §§ 2749, 2752. See, also, *Russell v. Clark*, 9 Cranch, 69; 25 N. W. Rep. 491; 51 Barb. 116; *Allen v. Abbington*, 11 Wend. 374; *Zabriskie v. Smith*, 13 N. Y. 322; *Wakeman v. Dalley*, 51 id. 27; *Marsh v. Falker*, 40 id. 562; *Custer v. Cumstock*, 40 id. 575; *Meyers v. Amidon*, 45 id. 169; *Oberlander v. Spies*, 45 id. 145; *Pasley v. Freeman*, 3 T. R. 51; *Collins v. Evans*, 5 Q. B. 829; 15 Cal. 414; 34 Kas. 39; 40 id. 367.

The objection to the introduction of evidence should have been sustained, on the further ground that the petition does not set forth that the plaintiff below relied on the statements said to have been made. 2 Addison, Torts, (Wood's ed.), § 1218; 33 N. J. 513; 58 N. Y. 263; *Gowings v. White*, 33 Ind. 125; Estee's Pleadings (3d ed.), § 2779.

The objection to the introduction of evidence should have been sustained for the third and further reason, that the statement, "I consider H. G. Gorton perfectly good for a bill of goods to the amount of $624.84; H. G. Gorton is safe," is a mere matter of opinion. In this case an action for deceit will not lie against Robbins for statements of opinion, no matter what motive might have actuated him in giving the opinion. *Bristall v. Braidwood*, 28 Mich. 192; 38 id. 6; 35 id. 36; *Belcher v. Castello*, 122 Mass. 189; *Marsh v. Falker*, 40 N. Y. 562; *Milliken v. Thorndyke*, 103 Mass. 382.

The court erred in overruling the objections of the plaintiff in error to the depositions of Wm. Barton, R. L. Jaynes, and T. F. Byrnes. The objections made to the deposition of T. F. Byrnes should have been sustained, and the court committed error in not sustaining each of them. At the time the deposition was offered, and read over defendant's objections, there was not a word of evidence to show what connection N. E. Gorton had with the case. Through the entire

case, from the beginning to the end of the case, there was not a single word offered to in any way connect him with the case.

It does not appear that he was a relative or acquaintance of H. G. Gorton, or that H. G. Gorton had ever seen or heard tell of the man, and to say that the defendant, Robbins, should be called upon in this case to respond in damages because of a transaction he had sometime had with N. E. Gorton, that had no connection with this case, is so preposterous as to admit of no argument.

The court erred in giving to the jury instructions numbered 3, 5, 6, 9, 10, and 11. Under instruction number 5, it makes no difference whether the person relying on the statements complained of was in a position to ascertain the truth or falsity of the statements relied on; no difference if they were made, as in this case, under such circumstances as that both parties could have been said to have been on equal footing, so that the party relying must have relied at his peril; no difference whether the expression complained of might, in the opinion of the jury, have been only an expression of opinion and one not actionable. In short, the circumstances surrounding the case cut no figure, and the nature of the statement makes no difference.

*Geo. W. Cooper*, for defendants in error:

Many authorities might be cited sustaining our position, that said first assignment of error is not tenable, and that the allegations in said petition are sufficient to withstand a demurrer. More especially is this true when a demurrer is interposed to the evidence, or an objection to any evidence being introduced after answer and upon the trial, as was done in this case. See *Potter v. Taggart*, 11 N. W. Rep. (Wis.) 678, 680.

In the case of *Hazelton v. Union Bank*, 32 Wis. 34–43, Mr. Justice Lyon, in delivering the opinion, says: "The rule is well settled, that a greater latitude of presumption may be indulged in to sustain a complaint where the objection that

it does not state a cause of action is taken for the first time at the trial, and after an issue of fact has been taken upon it by answer, than where the same objection is taken by demurrer." The same rule was stated in *Teetshorn v. Hall*, 30 Wis. 162–167; *Hamilton v. Haight*, 32 id. 238–242; *Lutheran Evangelical Church v. Cristgan*, 34 id. 328; *Johnson v. Lumber Co.*, 46 id. 119; *Johannes v. Youngs*, 46 id. 448; *Wittman v. Watry*, 46 id. 493. See, also, *Marvin v. Weider*, 48 N. W. Rep. 825; *Stutsman Co. v. Mansfield*, 37 id. 304, 306; *K. C. & S. W. Rly. Co. v. Farnsworth*, 39 Kas. 356.

Plaintiff in error says: "The objection to the introduction of evidence should have been sustained, on the further ground that the petition does not set forth that the plaintiff below relied upon the statements said to have been made." This point is not well taken, and none of the authorities cited by plaintiff in error sustain the objection made to the petition in that respect.

Plaintiff in error further says: "The objection to the introduction of evidence should have been sustained for the third and further reason, that the statement, 'I consider H. G. Gorton perfectly good for a bill of goods to the amount of $624.84; H. G. Gorton is safe,' is a mere matter of opinion." Conceding, for the purpose of argument, (which we do not admit,) that the said language was the expression of an opinion only, under the evidence and circumstances of this case, plaintiff in error would be liable. 5 Am. & Eng. Encyc. of Law, p. 325; paragraph 9 of note 6 reads as follows: "If a party gives an opinion and at the same time has positive knowledge at variance with this statement, and the other party honestly believes it and so acts, he can obtain redress fer this deceit." *Birdsey v. Butterfield*, 34 Wis. 52; *Pike v. Fay*, 101 Mass. 134. See, also, *Hazard v. Irwin*, 18 Pick. (Mass.) 95; *McDonald v. Trafton*, 15 Me. 308; *Gumby v. Sluter*, 44 Md. 237; *Monroe v. Pritchett*, 16 Ala. 785; *Wakeman v. Dalley*, 51 N. Y. 27; *Insurance Co. v. Reed*, 33 Ohio St. 263.

There was no error in the admission of the deposition of T. F. Byrnes. The evidence therein contained was pertinent, relevant, and material, under the issue as made by the pleadings in this case. *Bancroft v. Heringhi*, 54 Cal. 120; *Lockwood v. Doane*, 107 Ill. 235; 109 Mass. 453; 1 Thomp. Trials, 299.

Viewing the court's instructions herein in the light of the law, hereinbefore cited, applicable to this case, we submit they fairly presented the case to the jury, and were fully supported by the evidence. *Bartlett v. Cheesebrough*, 49 N. W. Rep. 360.

Opinion by GREEN, C.: Barton Bros. sued W. W. Robbins, in the district court of Kingman county, to recover $624.84, damages for alleged false and fraudulent representations concerning the financial standing of H. G. Gorton. The plaintiffs alleged in their amended petition —

"That on or about the 15th day of January, 1888, they were induced by the following false and fraudulent representations of the defendant, who was at the time a banker at Norwich, Kas., in regard to the financial standing of one H. G. Gorton, made to the agents and servants of the plaintiffs, to sell and ship said H. G. Gorton a bill of goods to the amount of $624.84; that said false and fraudulent representations were as follows, to wit: 'I consider H. G. Gorton perfectly good for a bill of goods to the amount of $624.84; H. G. Gorton is safe;' that defendant well knew at the time of making said representations to the agents and servants of the plaintiff that said H. G. Gorton was not able to pay for said goods, and was not fit to be trusted on credit, and that the said H. G. Gorton was, at the time of making said purchase of said stock of goods, insolvent and wholly irresponsible financially, and was at the time of making representations by defendant to the agents and servants of the plaintiffs aforesaid, and was known to the defendant at the time to be so. . . . That by reason of which said false and fraudulent representations plaintiffs have been damaged in the sum of $624.84."

The plaintiffs alleged that they had been unable to collect

anything from Gorton, and that by reason of said false and fraudulent representations they had been damaged in the sum of $624.84, for which they asked judgment. To this amended petition, a general denial was filed.

A trial by the court and a jury was had upon the issues thus joined, and a verdict was returned in favor of the plaintiffs for the amount claimed. A motion for a new trial was overruled, and judgment was entered upon the verdict. The plaintiff in error brings the case to this court upon numerous assignments of error, which we will now consider.

The ruling of the district court is first challenged in permitting any evidence to be offered by the plaintiffs, for the reason that the amended petition did not state facts sufficient to constitute a cause of action, in this, that it did not allege any intent upon the part of the defendant to cheat, injure or defraud the plaintiffs. The rule in regard to the presumption which may be indulged in to sustain a petition, where the objection is made that it does not state facts sufficient to constitute a cause of action, after the issues have been made by answer, is quite well settled; and it has been held that a petition should be construed liberally, for the purpose of sustaining it. (*The State v. School District*, 34 Kas. 237; *Hazelton v. Union Bank*, 32 Wis. 34.) The petition alleged that the defendant knew at the time he made the representations that H. G. Gorton was not able to pay for the goods, and was not fit to be trusted. It is argued that the objection to the introduction of evidence should have been sustained because the petition did not allege that the plaintiffs relied upon the statements said to have been made. The petition alleged:

"And by reason of said false and fraudulent representations of said defendant, plaintiffs sold and shipped said bill of goods to H. G. Gorton, giving him credit therefor, and said Gorton has failed and refused to pay the plaintiffs the amount of said goods."

We are of the opinion that the allegations are sufficient, especially when challenged after answer.

The further objection is made, that the statement charged in the petition, "I consider H. G. Gorton perfectly good for a bill of goods to the amount of $624.84; H. G. Gorton is safe," is a matter of opinion, and not a statement of a fact. It is true that the mere expression of an opinion is no fraud, though it be false. "The question," says Chief Justice Marshall, in *Russell v. Clark's Executors*, 9 Cranch, 69, "how far merchants are responsible for the character they give each other is one of much delicacy, and of great importance to the commercial world. That a fraudulent recommendation (and a recommendation known at the time to be untrue would be deemed fraudulent) would subject the person giving it to damages sustained by the person trusting to it, seems now to be generally admitted."

The case of *Pasley v. Freeman*, 3 Term Rep. 51, recognizes and establishes this principle:

"Indeed, if an act, in itself immoral, in its consequences injurious to another, performed for the purpose of effecting that injury, be not cognizable and punishable by our laws, our system of jurisprudence is more defective than has hitherto been supposed."

We think the allegations of the petition bring it within the rule stated in 5 Am. & Eng. Encyc. of Law, page 328:

"If a party makes representations susceptible of knowledge in such a way as to impress upon the other party the truth of such assertion, but knows that they are false, with the intent that the other party shall rely upon them, in case the other party acts upon these representations, it is fraud." (*Wakeman v. Dalley*, 51 N. Y. 27; *Hazard v. Irwin*, 18 Pick. 95.)

Giving the petition the liberal construction which the law says it shall receive, when challenged after answer by an objection to the evidence, we think it was sufficient.

It is next urged that the court erred in admitting the deposition of T. F. Byrnes, for the reason that the conversations detailed by the witness concerning N. E. Gorton had no connection with H. G. Gorton. The witness stated that he went

to Norwich in February, 1888, to collect a bill for the firm of C. H. Fargo & Co. against N. E. Gorton. He then went on to detail a conversation had with the defendant concerning the financial standing of N. E. Gorton, but did not connect N. E. Gorton with H. G. Gorton. They may be one and the same, but it nowhere appears in the deposition that they are the same person. An examination of the deposition satisfies us that the evidence is of such a character as to have influenced the jury. The witness testified that he asked N. E. Gorton to make him a financial statement, which showed him to be solvent; that he asked Robbins if N. E. Gorton was all right, and was assured that he was. We are of the opinion that the objection of the defendant below to the admission of the deposition should have been sustained; that the admission of the evidence was prejudicial to the rights of the defendant.

The last error which we shall notice is the fifth instruction of the court, which reads:

"You are further instructed on this point, that any willful misrepresentation of a material fact, made with the design to deceive another and induce him to enter into a contract or sale he would not otherwise make, will enable the party thus deceived to recover of and from the party making such representations in such sum as the party making such contract or sale has been injured or damaged thereby; and it makes no difference whether the party making such representations knew them to be false or whether he was ignorant of the facts stated, provided the matter stated was material and the party making the statements stated them to be true when he had no apparently good reason for believing them to be true, and when the other party under the circumstances was reasonbly justified in relying on the statements, and did rely on them in making the said contract and sale and was deceived and injured thereby. A party making representations, as of his own knowledge, when in fact he has no knowledge on the subject, stands in the same position as if he had knowledge of the actual facts."

We think the last sentence in this paragraph of the charge of the court is subject to criticism in this, that it is not applicable in this case. As an abstract legal proposition it may

be correct, but was not warranted in this case.   The petition charged that the defendant knew at the time that he made the representations that H. G. Gorton was unworthy of credit; hence it was unnecessary for the court to instruct the jury as to a want of knowledge.

Other questions have been presented by counsel in their briefs, but we do not think it necessary to consider them, as the case must go back to the district court for a new trial, for the reason indicated.

We recommend a reversal of the judgment of the district court, on account of the admission of the deposition of T. F. Byrnes, and that a new trial be granted.

By the Court: It is so ordered.

All the Justices concurring.