## W. W. ROBBINS V. BARTON BROTHERS.

### No. 444.    (58 Pac. 279.)

1. PRACTICE, DISTRICT COURT—*Proceedings after Reversal.* After a case has been reversed by the supreme court and remanded for a new trial, the filing of amended pleadings setting up "new matter" is largely within the discretion of the trial court.

2. EVIDENCE—*Testimony on Former Trial—Affidavit of Stenographer.* Where an official stenographer, after her term of office has expired, transcribes the testimony of a witness from her stenographic notes, and verifies the same by affidavits, it is insufficient, in the form presented, to prove what the witness had sworn to upon a former trial.

Error from Kingman district court; W. O. BASHORE, judge. Opinion filed September 16, 1899. Reversed.

*P. B. Gillett*, for plaintiff in error.

*G. W. Cooper*, and *J. E. Lydecker*, for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This action was tried in the district court of Kingman county, appealed to the supreme court (*Robbins v. Barton*, 50 Kan. 120, 31 Pac.

Robbins v. Barton.

686), and a new trial granted.   The case was again tried in the district court and the defendant below brings the case here for review.

The issue tried in the court below is fully stated in the opinion above cited.   After the reversal of the judgment by the supreme court the plaintiff in error filed an amended answer, setting up "new matter," which, on motion of defendant in error, was stricken out.   This ruling of the trial court is the first error complained of.

After a case has been reversed by the supreme court and remanded for a new trial, the filing of amended pleadings setting up "new matter" is largely within the discretion of the trial court.   In the case under consideration, the plaintiff in error in his amended answer set up as a defense a statute of the state of Missouri, which, if applicable to the cause of action alleged in the petition, was wholly within his knowledge at the former trial and could have been alleged in original pleadings.   In the case of *Cable et al. v. Ellis et al.*, 120 Ill. 136, 11 N. E. 188, the supreme court of Illinois said : "A party, after the reversal of the decree of the lower court, is not entitled to file a cross-bill containing the matter which was wholly within his knowledge at the former trial ; he should then have amended his pleadings if they did not state his case."   It was not error for the trial court to strike out the "new matter" set up in the amended answer.

Plaintiff in error further alleges that the trial court erred in admitting the transcript of the evidence of H. G. Gorton, taken on the former trial.   The official stenographer who took the evidence at the first trial was not the official stenographer at the time of the second trial ; the evidence was transcribed by her

after her term of office had expired, and authenticated as follows :

"STATE OF MISSOURI, COUNTY OF JACKSON, SS.

"I, E. M. Turner, of lawful age, being first duly sworn, depose and say : That I was the official stenographer of the twenty-eighth judicial district court of the state of Kansas during the years 1888 and 1889 ; that I took the evidence as such stenographer of said court in the case of Barton Bros. v. W. W. Robbins, tried at the December term of court, sitting in and for the county of Kingman, in said district ; that I took down the evidence of H. G. Gorton in said case, together with the evidence of other witnesses in said case ; that the system of stenography used by me is such that I can take down and transcribe the evidence of witnesses in a case correctly and accurately ; that the above and foregoing is a true report of the evidence of said H. G. Gorton, as given on the trial of said cause, and the same was transcribed by me.

E. M. TURNER."

"Subscribed to and sworn to before me this 30th day of March, A. D. 1893.   My term expires December 5, 1896.   ARTHUR K. McGINLEY,
Notary Public."

In passing upon the admissibility of the testimony of the stenographer, in proof of what a witness had sworn to upon a former trial, our supreme court, in the case of *Wright v. Wright*, 58 Kan. 525, 50 Pac. 444, said :

"An official court stenographer who has correctly taken the testimony of a witness may read his notes of such testimony as evidence upon a subsequent trial, although he has no independent recollection of such testimony, and can relate the same only by reading his notes thereof."

If the stenographer in this case had been called as a witness at the trial or her evidence taken by depo-

sition, there would be no question as to the admissibility of the testimony. This was not done. At the time the evidence was transcribed and the affidavit made she was not the official stenographer or the custodian of the stenographic notes. The evidence of the witness testifying at the former trial was transcribed and attached to her affidavit. It became a part of her testimony. Her affidavit, in the form presented to the court, was incompetent.

The judgment of the district court is reversed.