W. W. ROBBINS V. WILLIAM BARTON *et al., as Partners, etc.*

No. 14,518. (85 Pac. 1135.)

DAMAGES—*Deceit—Financial Condition of a Third Party—Evidence and Verdict.* In an action of deceit for misrepresenting 'the financial condition of another the evidence was held sufficient to support a verdict for plaintiff.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed June 9, 1906. Affirmed.

*Henry C. Sluss,* for plaintiff in error.

*George W. Cooper,* and *Stanley, Vermilion & Evans,* for defendants in error.

*Per Curiam:* Action for deceit which has been three times tried. The two former judgments in favor of Barton Brothers were reversed for trial errors (*Robbins v. Barton,* 50 Kan. 120, 31 Pac. 686; *Robbins v. Barton,* 9 Kan. App. 558, 58 Pac. 279), and complaint is made of the third judgment rendered in their favor. The point that the evidence does not support the verdict is not good. The proof, direct and circumstantial, fairly tends to show that Robbins made statements as to Gorton's financial condition which were known by him to be untrue; that they were made to procure

credit for Gorton from Barton Brothers, and did deceive them; and that Barton Brothers sold goods to Gorton in reliance upon the statements, and thereby suffered loss. Robbins complains that the testimony against him is not as "solid and persuasive" on some phases of the case as is necessary to an adverse verdict, but it appears to the court to warrant the construction which the jury and trial court placed upon it, and as the disputed questions of fact have been passed upon by three juries, and the same result reached by each of them, the third verdict should not be set aside if there is substantial supporting testimony.

The instructions are not open to the objections that they were inapplicable to the facts involved and did not state the issues in the case. No material error was committed in instructing the jury, and we see nothing in the other rulings complained of which prejudiced the substantial rights of the plaintiff in error.

The judgment is affirmed.