No. 31,231

Atlas Acceptance Corporation, *Appellant,* v. J. O. Weber, *Appellee.*

(23 P. 2d 479.)

Opinion filed July 8, 1932.

*Edward M. Tracewell,* of Kansas City, Mo., for the appellant.

*S. D. Scott* and *Howard E. Payne,* both of Olathe, for the appellee.

The opinion of the court was delivered by

Smith, J.: This action was to recover damages for fraud and misrepresentation in the sale of a note and mortgage by defendant to plaintiff. Judgment was for defendant. Plaintiff appeals.

The petition alleged that defendant was an automobile dealer; that plaintiff was in the business of buying automobile paper; that defendant offered plaintiff a note in the amount of $1,444.68, secured by a chattel mortgage on an Auburn automobile; that at the time of making the offer defendant represented to plaintiff that the car was new; that it was being sold for $1,820, and that the buyer was paying $620 cash and that the balance due on the automobile was $1,200. The petition further alleged that subsequently defendant represented in writing that the car was new, that he was receiving $620 in cash, and that the car was selling for $1,820. It was then alleged that plaintiff relied upon the truth of these statements and purchased the note, and that the statements were false and known by defendant to be false and made for the sole purpose of inducing plaintiff to buy the note.

The petition further alleged that, in fact, the car was sold for $1,400; that the purchaser did not pay $620 in cash but gave his

note for $200; that the car was not new but was a demonstrator, and that plaintiff was induced by these false representations to buy the note, and by reason of these things plaintiff was damaged in the amount of $584.16.

The answer of defendant was a general denial. It alleged further that plaintiff had knowledge that the car in question was a demonstrator; that plaintiff solicited the purchase of the note; prepared all the papers and had knowledge of all the details of the sale of the car. The answer denied that plaintiff was damaged. ·

Among other things the evidence shows that the person to whom the car was sold made only two payments on the note, and plaintiff repossessed the car and sold it for $700.

The jury found generally for the defendant, and judgment was entered accordingly. The appeal is from that judgment and from the order denying a new trial. The plaintiff complains first of the giving of instruction No. 3. In the brief of plaintiff that instruction is divided into two parts. The first part is as follows:

"You are further advised that if the plaintiff had knowledge of all of the circumstances surrounding the condition of the said Auburn car, and of its sale, and that with such knowledge it accepted said note indorsed 'Without recourse' as to the payee, who is the defendant herein, then in that event it cannot charge the defendant for any loss it may have sustained by reason of the failure of the purchaser of said car to make the payments on said note in accordance with its terms, and loss sustained by the plaintiff after it has repossessed said car and sold the same under said chattel mortgage, for the indorsement of said note by the defendant 'Without recourse' and the acceptance thereof by the plaintiff in the absence of fraud on defendant's part, relieves said defendant from any and all liability on said note." ·

The objection of plaintiff to this instruction is that it makes a reference to the fact that the note was indorsed without recourse and instructs the jury that under such circumstances recovery cannot be had on the note. Plaintiff urges that this confused the jury, because the action was one in tort and not on the note. The tort upon which the action was brought was the fraud with reference to the sale of the note. This could not very well be described to the jury without reference to the note. There was more likelihood that the jury would be confused and return a verdict in favor of plaintiff on account of defendant's indorsement of the note if such an instruction had not been given than that they were confused by this instruction. We see nothing wrong with this much of the instruction.

The second part of the instruction is as follows:

"You are further advised that if the defendant Weber accepted an equivalent of cash for the down payment on the sale of said car that such acceptance is not a matter about which the plaintiff can complain."

Plaintiff argues that this instruction was wrong because defendant in this case had testified that he accepted the $200 note and two diamond rings for the first payment in place of cash. Plaintiff urges that it was entitled to know whether defendant received cash or something in lieu of cash for the first payment.

About the first question a money lender asks when he is contemplating the making of a loan on a piece of security is—How much cash does the borrower have invested? If the borrower has no cash invested then there is not so much inducement for him to make the payments on the loan. If he has a considerable amount of cash invested then he will be more apt to keep up the payments. The above consideration is as important as the more obvious one that the more cash the borrower has invested the less the loan in proportion to the value of the property and the more likelihood of being able to repossess the property and sell it for enough to pay the loan. In this case the lender said, How much cash does the borrower have invested in this car? Defendant answered $620. In fact, he did not have any cash. He had diamond rings. Diamond rings are not cash. If the answer had been $620 cash or its equivalent the lender would, no doubt, have investigated what the equivalent was. It was deprived of any opportunity to do this by the statement of defendant that the buyer of the car had paid $620 cash. This was a misrepresentation of a present existing material fact, and the plaintiff relied on it. We cannot say that plaintiff would have bought the note anyway even if it had known that the first payment was in diamond rings rather than cash. The point is, it had a right to know this before it bought the note. The rule as to what constitutes actionable fraud is set out in 12 R. C. L. 240. It is as follows:

"The essential elements required to sustain an action for deceit are that the representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury or damage."

The statement that $620 cash had been paid was not substantiated by proof that an equivalent amount had been paid in diamond rings.

The portion of the instruction which so advised the jury was erroneous.

As has been seen, plaintiff relied on three items of misrepresentation—that the car was new when it was not; that the purchase price for the car had been $1,820 when in fact this price had been only $1,400; and that $620 cash had been paid when only a note for $200 had been given. The answer alleged that plaintiff knew of the first two items when it bought the note and that as to the third item the equivalent of $620 had been paid. Plaintiff requested instructions on each of these items. The requested instructions were refused and apparently the court attempted to cover the situation in general instructions. These general instructions have been examined and we have not been able to find where the jury was instructed on any phase of the case except the claimed misrepresentation about the car being new.

Any one of the claimed instances of misrepresentation would have been sufficient to allow plaintiff to recover. They were each statements of material present-existing facts. Such statements, when false and relied on by another to his damage, constitute actionable fraud. (See rule from 12 R. C. L., *supra*.)

We have concluded that the jury should have been instructed as to all three of the claimed instances of misrepresentation.

The judgment of the trial court is reversed with directions to grant plaintiff a new trial in accordance with the views herein expressed.