No. 37,831
No. 37,840

Eldon E. Hubbard, *Appellee,* v. O. H. Allen, *Appellant.*

(215 P. 2d 647)

Opinion filed February 28, 1950.

*Bert J. Vance,* of Garden City, argued the cause, and *Wm. Easton Hutchison, C. E. Vance, Clifford R. Hope,* and *A. M. Fleming,* all of Garden City, were with him on the briefs for the appellant.

*Daniel R. Hopkins,* of Garden City, argued the cause, and *Logan N. Green* and *Roland H. Tate,* both of Garden City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action for damages sustained in a collision of two trucks. Defendant appeals from a judgment in favor of the plaintiff. For convenience we shall throughout the opinion refer to the parties as they appeared in the court below.

Briefly stated, the petition alleged that plaintiff, in the daytime, was driving his truck, which was equipped with a rotary water drill, westwardly on a highway west of Ulysses, and that defendant was driving a one and one-half ton truck on the same highway in the same direction; that plaintiff desired to pass the defendant and signaled his intention to do so and crossed to the left side of the highway and as he drove alongside of defendant's truck defendant drove his truck over the center line of the highway, forcing plaintiff to drive to the left and on to the shoulder to avoid a collision, and while so proceeding and when plaintiff was slightly ahead of defendant, defendant gave a signal to make a left turn; that plaintiff increased his speed to avoid a collision but that defendant, while looking in the opposite direction, turned the left front portion of his truck into the right side of plaintiff's truck, causing it to turn over completely,

causing damages which are set forth in detail. Among other acts of negligence charged was the failure of the defendant to drive on the right side of the road.

Defendant's answer contained a general denial and an allegation that if plaintiff sustained any damages they were the result of his own negligence.

At the trial the defendant's demurrer to the evidence of the plaintiff was overruled, and that ruling is the basis of the first appeal. The trial continued, and the cause was submitted to a jury which rendered a verdict in favor of the plaintiff and answered special questions as follows:

"No. 1. Were any vehicles approaching the intersection from the west? Answer: No.

"No. 2. What, if anything, prevented plaintiff from stopping or returning to the right hand lane of traffic? No. 1—Nothing. No. 2—2nd Truck.

"No. 3. How far from the intersection was defendant when he first signalled for a left hand turn by holding his hand straight out? Answer: 86 feet.

"No. 4. What, if anything, could plaintiff have done to avoid the accident? Nothing.

"No. 5. What, if any, signal did plaintiff make to defendant of his intention to pass? Answer: Did not signal.

"No. 6. If you find in favor of plaintiff, state the acts of negligence of which defendant was guilty? Answer: Crossing center line forcing plaintiff to shoulder causing him to slow down and being at intersection at wrong time.

"No. 7. If you find in favor of plaintiff, what do you allow for the following items: (Answers not material.)

"No. 8. How far was the defendant from the intersection at the time the plaintiff started to pass him immediately prior to the accident? Answer: 300 feet."

Following return of the verdict and the special findings the defendant filed his motion for judgment on the special findings, and his motion that the answers to special questions Nos. 4 and 6 be set aside as not supported by and contrary to the evidence. Each of these motions was denied, and defendant then appealed from those rulings. It is here noted there was no motion for a new trial, and that there is no appeal from the judgment. The two appeals are presented together and the specification of errors covers the matters herein discussed.

The first contention is that the trial court erred in overruling defendant's demurrer to the plaintiff's evidence. Before reviewing the evidence we take note of the following: The demurrer lodged against the evidence was on the ground it failed to sustain a verdict

or judgment in favor of the plaintiff and against the defendant. The defendant's argument is that the evidence disclosed that plaintiff was guilty of contributory negligence. Plaintiff directs attention to the fact that the demurrer did not point out such a ground and suggests the question is not properly submitted for review. He calls our attention to various decisions, only two of which are closely in point and need be noticed. In *Smith v. Bassett,* 159 Kan. 128, 152 P. 2d 794, a motion for a directed verdict was treated as a demurrer. Although appellee there contended that appellant made no contention during the trial that there was contributory negligence, a statement not denied, this court did give consideration to the contention. In *Gabel v. Hanby,* 165 Kan. 116, 193 P. 2d 239, this court pointed out that such a demurrer did not directly challenge the trial court's attention to any claim of plaintiff's contributory negligence. In that case, however, the question was considered. In the case at bar the defendant states the demurrer lodged was stated substantially in the statutory language (G. S. 1935, 60-2909, *Third*) and that plaintiff's contributory negligence was the only question argued to the trial court. Under the circumstance of the case, it is difficult to see where there was any other question and we shall consider whether the plaintiff's evidence disclosed, as a matter of law, that he was guilty of negligence which contributed to his injury and damage.

Under well recognized rules the plaintiff's evidence, when attacked by demurrer, is to be interpreted favorably to him, unfavorable parts and inferences are to be disregarded, no weight is to be given contradictory evidence, and no differences between his direct and cross-examination are to be resolved against him. Our review of the evidence is made in the light of those rules and is limited to that part of the evidence bearing on the question under consideration.

U. S. Highway 160 runs west from the city of Ulysses and about four miles west is intersected by a north and south highway. The type of surfacing on the U. S. Highway or its width is not disclosed by the evidence as abstracted. The north and south road is not a paved or surfaced road. Turns into the intersection are sharp and not gradual. The events hereafter stated happened on the U. S. Highway and east of the above intersection, except as otherwise noted. Plaintiff proceeding westwardly in his truck at a speed of about 30 miles per hour caught up with two trucks proceeding westwardly. When he was approximately 50 yards therefrom and 200

yards east of the intersection the rear truck passed the defendant's truck and it need not be noticed further. Shortly thereafter and when plaintiff was about 500 feet east of the intersection he sounded his horn and turned to the left lane in order to pass defendant, who swerved his truck to the left and plaintiff turned back to the right. A little later and when plaintiff was 300 feet east of the intersection he again started to pass, defendant again edged over, but plaintiff moved over to the shoulder and continued driving a little faster than defendant and moved up abreast of him. Due to defendant's coming over on the left side, plaintiff's left wheels were on the shoulder at a point about 165 feet east of the intersection. Both trucks proceeded and later plaintiff's truck was forced to the ditch. At that time defendant's truck was slowing down and plaintiff's truck, traveling at 25 to 30 miles per hour, had forged ahead so that when about 35 feet east of the intersection the cab on plaintiff's truck was slightly ahead of the cab on defendant's truck. At that point defendant gave a hand signal of his intenton to turn left. Plaintiff looking to his right saw the signal and that defendant was looking to the right and not to the left. In an effort to extricate himself plaintiff speeded up and his truck had crossed the intersection to a point about three feet east of the west line of the north and south highway when the front of defendant's truck, turning to the left, struck plaintiff's truck about six inches from the right rear end, upsetting it and causing the injuries of which complaint was made. It may also be noted that about 35 feet east of the intersection and in the ditch north of the highway was a highway number sign about four feet high. Plaintiff testified that as he approached that sign he turned right and missed the sign. He also testified his truck was equipped with good brakes and that he could have stopped within 100 feet when traveling at 30 miles per hour.

In support of his contention that the trial court erred in ruling on his demurrer to the plaintiff's evidence, defendant argues that the evidence disclosed that plaintiff was guilty of negligence in three particulars: (1) In passing in an intersection contrary to G. S. 1947 Supp. 8-540; (2) in failing to stop or to return to the right lane of traffic when it became obvious that defendant did not know of plaintiff's presence and was crossing the center line of the highway; and (3) in failing to give audible warning with his horn of his intention to pass as required by G. S. 1947 Supp. 8-5,102.

With reference to the first ground urged defendant directs atten-

tion to G. S. 1947 Supp. 8-540 (b) which provides that no vehicle in passing another vehicle shall be driven to the left side of the roadway (2) "when approaching within 100 feet . . . or traversing any intersection" and to our decision in *Gabel v. Hanby*, supra, where in discussing the right of a bus driver to pass another car proceeding in the same direction, we mentioned the above section of the statute. It may here be noted that in paragraph 5 of the syllabus of that case, we held that mere violations of the statutes regulating traffic on the highways are not sufficient to make the driver of an automobile guilty of actionable negligence in an action for damages growing out of a collision of vehicles unless it appears that such violations contributed to the accident and were the legal cause of the injuries sustained. And on the same point see *Goodloe v. Jo-Mar Dairies Co.*, 163 Kan. 611, 618, 185 P. 2d 158, where a number of our decisions to like effect are cited. Giving plaintiff's evidence the construction it is entitled to under the rule above stated, it appears that plaintiff started to pass defendant's car at such a distance from the intersection and at a place where the passage could have been entirely completed before the intersection was reached, had not the defendant's own acts prevented, and even with those acts considered where the passage was substantially completed before the intersection was traversed. We realize there was evidence from which a contrary conclusion could have been reached, but that very contrariety in the evidence made the question one of fact for the jury. Considering all of the circumstances, we cannot say as a matter of law that the mere fact the accident occurred in the intersection, the whole course of conduct of the plaintiff in passing was the legal cause of the injuries which plaintiff sustained.

With reference to the second ground, that plaintiff's failure to stop or to return to the right lane of traffic when it became obvious that defendant did not know of plaintiff's presence, we do not think it may be said as a matter of law that the plaintiff's evidence convicts him of negligence which was the legal cause of his injuries. So far as the evidence is concerned the first time plaintiff knew that defendant may not have been aware of his presence was when the two trucks were about 35 feet east of the intersection when he saw defendant give his hand signal while looking to the right and not to the left. In addition to the evidence outlined above, plaintiff testified to the danger he would have

encountered in trying to make a sudden stop. We have previously stated that plaintiff's truck was then slightly ahead of the defendant's truck and that plaintiff tried to extricate himself by speeding up. Assuming plaintiff's testimony was fully true, as the court had to assume as against the demurrer, plaintiff could not turn to the right without colliding with the defendant's truck. Under the circumstances, it may not be said as a matter of law that because plaintiff did not then stop or turn to his right that his conduct convicted him of negligence which was the legal cause of his injuries.

The third ground is that plaintiff was guilty of negligence which was the legal cause of his injuries in that he did not sound his horn and give warning of his intention to pass, as required by G. S. 1947 Supp. 8-5,102. Reference to that statute discloses the driver must give audible warning when reasonably necessary to insure safe operation of his vehicle, and not otherwise. Plaintiff's evidence showed that he was passing defendant's truck and was slightly ahead of it when defendant gave his hand signal for a left-hand turn. It is a little difficult to see what warning the horn could have given that was not already given by the presence of the plaintiff's truck. The principle that where the absence of a warning signal does not prevent a driver of a vehicle from seeing a vehicle in time to avoid it, the absence of the signal cannot be said to be the proximate or legal cause of the injury, has been repeatedly recognized. See *Wright v. Nat'l Mutual Cas. Co.,* 155 Kan. 728, 129 P. 2d 271; *Curtiss v. Fahle,* 157 Kan. 226, 139 P. 2d 827, and cases cited. The plaintiff's evidence indicates that the location of the trucks with reference to one another gave all the warning a sound of plaintiff's horn would have given. Under the circumstances of the case, and under the statute, it would seem that whether it was necessary for the plaintiff to sound his horn to insure safe operation of his truck was a question of fact for the jury and not a question of law for the court, and we so hold.

Defendant contends that the trial court erred in not setting aside the answers to special questions 4 and 6 for the reason the answers are not supported by or are contrary to the evidence. Heretofore we have pointed out that defendant filed no motion for a new trial. The rule is that where findings of fact are made and no motion for a new trial is filed, questions pertaining to the evidence and its sufficiency to support the findings are not open

to appellate review. See *Jelinek v. Jelinek*, 161 Kan. 362, 168 P. 2d 547, and cases referred to therein. Whether the findings are supported by the evidence is not subject to review.

Defendant's further contention that the trial court erred in not sustaining his motion for judgment on the answers to special questions is predicated largely on the proposition that the answers to special questions 4 and 6 should have been set aside. A motion for judgment on answers to special questions notwithstanding the general verdict concedes for that purpose that the answers are supported by the evidence (*Sams v. Commercial Standard Ins. Co.*, 157 Kan. 278, Syl. ¶ 3, 139 P. 2d 859, and *Lee v. Gas Service Company*, 166 Kan. 285, 289, 201 P. 2d 1023, and cases referred to therein).

In considering the defendant's contentions we bear in mind the rule that a general verdict imports a finding in favor of the prevailing party upon all of the issues in the case not inconsistent with the special findings, which are to be given such a construction, if possible, as will bring them into harmony with the general verdict and that while nothing will be presumed in favor of the special findings as against the general verdict they may be viewed and interpreted in the light of the testimony. (*Schroeder v. Nelson*, 157 Kan. 320, 326, 139 P. 2d 868.)

The main point urged by the defendant why his motion should have been sustained is that the answers to questions 2 and 5 convicted plaintiff of contributory negligence and most of his argument stresses the failure of the plaintiff to blow his horn. It will be observed that question No. 5 merely asked whether plaintiff gave any signal of his intention to pass the defendant and that neither it nor any other question sought to have the jury say that such failure contributed to the collision as a proximate or legal cause of the collision. What has heretofore been said about plaintiff's failure to blow his horn as constituting negligence disposes of any contention that such failure constituted negligence and we shall not comment further thereon, other than to say the answer to question 5 is not to be interpreted as one finding plaintiff guilty of negligence which was the proximate or legal cause of his injuries. Insofar as question 2 is concerned, it will be noticed that it was stated alternatively and required two answers, and further that as to either part, it was not limited to time or place. If construed to refer to events immediately preceding the collision, the answer that nothing prevented the plaintiff from stopping was in accord with plaintiff's own statement, but

the question did not seek to learn the further matter testified to by the plaintiff that when defendant gave his signal to turn left, found by the jury to be 86 feet from the intersection, his truck was slightly ahead of that of the defendant, proceeding at a speed of 30 miles per hour and requiring about 100 feet to stop, and he had to extricate himself from the situation as it thus existed. With reference to the second part of the answer, at the trial the defendant contended that plaintiff attempted to pass defendant's truck and another truck which he said was following him, a matter disputed by the plaintiff. The general verdict was an acceptance of the plaintiff's version. The answer "2nd Truck" must therefore be held to refer to defendant's truck for there were only two trucks at or near the collision. In our opinion the answers can be reconciled with the general verdict, and do not convict the plaintiff of negligence which was the legal cause of his injuries.

Defendant's contentions cannot be sustained and the judgment of the trial court is affirmed.