No. 40,708

LOREN SPARKS, *Appellee*, v. GUARANTY STATE BANK, Topeka, Kansas, *Appellant*.

(318 P. 2d 1062)

Opinion filed December 7, 1957.

*Floyd A. Sloan*, of Topeka, argued the cause, and *W. Glenn Hamilton, Eldon Sloan* and *James W. Sloan*, all of Topeka, were with him on the briefs for the appellant.

*Robert L. Brock*, of Topeka, argued the cause, and *Edward H. Sondker* and *Richard E. Pringle*, both of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover the amount of two checks, payable to plaintiff (appellee) and drawn on defendant bank (appellant), which were protested by the bank and never paid. The case was here previously in *Sparks v. Guaranty State Bank*, 179

Kan. 236, 293 P. 2d 1017, which was an appeal by the defendant from an order overruling its demurrer to plaintiff's petition. We affirmed that ruling.

Our opinion summarized the pertinent allegations of the petition and they will not be repeated.

Plaintiff's theory of recovery was that upon his inquiry of an officer of the bank regarding the financial responsibility of the drawer of the checks, the defendant, through such officer, made false representations concerning the actual state of facts, and withheld information, failing to disclose to plaintiff the true financial condition of the drawer of the checks. By reason thereof, plaintiff was induced to forbear the remedies of self-help and legal action then available to him against the drawer of the checks. All of this inured to the benefit of defendant bank.

In the mentioned opinion, which, by reference, is made a part hereof, the question was whether the facts alleged, if established on trial, would render defendant bank liable; and it was held that if the facts alleged were proved as pleaded, this court would not be justified in concluding as a matter of law that they were not actionable. This case was returned to the trial court; issues were joined; and the case was tried to a jury. At the completion of plaintiff's evidence, defendant demurred thereto for the reason that it failed to show sufficient facts to establish a cause of action against defendant. From an order overruling this motion, defendant assigns error.

No useful purpose would be gained in narrating the voluminous evidence on the essential matters contained in the plaintiff's petition. A careful review of such evidence discloses that, with the exception of some immaterial matters, plaintiff's evidence established the pertinent allegations of the petition which were under attack in the former appeal, and defendant's contention was there laid at rest. Plaintiff's evidence was sufficient to make out a prima facie case against defendant.

At the conclusion of defendant's evidence the case was submitted to the jury, which returned its general verdict for plaintiff. The jury also returned answers to special questions submitted to it by the court and found that defendant, through its named officer, made false representations to plaintiff, in that the bank was doing business with the drawer of the checks as usual; other checks of the drawer had been previously protested; the named officer of the bank,

knowingly and wilfully, failed or omitted to tell plaintiff about previously protested checks; there was a "float" of checks outstanding which the drawer could not pay due to lack of sufficient funds on deposit with defendant bank; and in that defendant's named officer, knowingly and wilfully, failed or omitted to tell plaintiff about them.

Defendant asserts that the trial court erred in overruling its motion to strike certain special questions and answers thereto on the ground that the matter contained therein was not within the issues raised by the pleadings. These questions and answers referred to information regarding the financial condition of the drawer of the checks which defendant, when inquiry was made of it, withheld or omitted to give plaintiff. Defendant's contention cannot be sustained. The petition, and particularly paragraph eleven, fully covered this matter. Therefore, the questions and answers pertaining thereto were proper.

The defendant next contends that the trial court erred in overruling its motion for judgment on the answers to the special questions, asserting that while the jury found that the bank officer made false representations to the plaintiff, it limited those false representations to the statement that the bank was doing business with the drawer of the checks "as usual." "As usual" is customarily defined as "such as occurs in ordinary practice or the ordinary course of business." Defendant overlooks the further fact that, through its officer, it failed to disclose to the plaintiff it was not operating in the usual course of business. The answers to the remaining special questions found that the drawer, from day to day, had a "float" of outstanding checks for some time prior to the bank officer's conversation with the plaintiff; that defendant's officer, knowingly and wilfully, failed or omitted to tell plaintiff such facts, but led him to believe that the drawer was operating his banking business in a usual and ordinary manner, such as any solvent business would be operated. There is nothing in the answers to the findings inconsistent with the general verdict. This court, if possible, will give such a construction to answers to special questions as will bring them into harmony with the general verdict. Also, in considering answers to special questions to the jury, the court will not isolate one answer and place a constrained interpretation thereon, ignoring others, but will consider all of them together. If one interpretation leads to inconsistency and the other to harmony with the general verdict, the latter

will be adopted. In order to sustain a motion for judgment on the findings, it is not sufficient that there be some inconsistency among the findings. They must be so contrary to the general verdict as to clearly compel the court to overthrow the verdict and render a contrary judgment as a matter of law. (*Cain v. Steely,* 173 Kan. 866, 252 P. 2d 909; *Mehl v. Carter,* 171 Kan. 597, 237 P. 2d 240; *Taggart v. Yellow Cab Co. of Wichita,* 156 Kan. 88, 131 P. 2d 924; *Jelf v. Cottonwood Falls Gas Co.,* 162 Kan. 713, 178 P. 2d 992; *Morrison v. Hawkeye Casualty Co.,* 168 Kan. 303, 212 P. 2d 633.)

The answers to the special questions found not only that an officer of defendant bank made false representations, but that he, knowingly and wilfully, failed or omitted to tell plaintiff the true financial condition of the drawer of the checks.

The general rule of law is stated in 23 Am. Jur., Fraud and Deceit, §§ 82, 83 and 89:

"§ 82. *Response to Inquiries.*—A party of whom inquiry is made concerning the facts involved in a transaction must not, according to well-settled principles, conceal or fail to disclose any pertinent or material information in replying thereto, else he will be chargeable with fraud. The reason for the rule is simple and precise. Where one responds to an inquiry, it is his duty to impart correct information. Thus, one who responds to an inquiry is guilty of fraud if he denies all knowledge of a fact which he knows to exist, if he gives equivocal, evasive, or misleading answers calculated to convey a false impression, even though literally true as far as they go, or if he fails to disclose the whole truth. The rule is frequently applied where inquiries are made as to the credit and solvency of a third person."

"§ 83. *Effect of Partial Disclosures.*—It is firmly established that a partial and fragmentary disclosure, accompanied with the wilful concealment of material and qualifying facts, is not a true statement, and is as much a fraud as an actual misrepresentation, which, in effect, it is. Telling half a truth has been declared to be equivalent to concealing the other half. Even though one is under no obligation to speak as to a matter, if he undertakes to do so, either voluntarily or in response to inquiries, he is bound not only to state truly what he tells, but also not to suppress or conceal any facts within his knowledge which will materially qualify those stated. If he speaks at all, he must make a full and fair disclosure. Therefore, if one wilfully conceals and suppresses such facts and thereby leads the other party to believe that the matters to which the statements made relate are different from what they actually are, he is guilty of a fraudulent concealment."

"§ 89. *Financial Status of Another.*— . . . concealing the condition of a person in reference to whose credit inquiries are made is a fraud, as is also the wilful suppression of material facts in regard to the credit of a third person which the inquiring party is entitled to know. Although such inquiries need not be answered, yet one undertaking to do so is not at liberty to suppress a material fact within his knowledge."

See also 37 C. J. S. Fraud § 48, and our former opinion, *Sparks v. Guaranty State Bank,* supra.

In view of what has been said, the answers to the special questions are in full accord with the general verdict, and the court did not err in overruling defendant's motion for judgment on the special questions, notwithstanding the general verdict.

Defendant assigns error in the court's refusal to give certain requested instructions and in its giving certain other instructions to the jury. We have carefully examined both the defendant's requests and the instructions given by the court, and find no merit in defendant's contention. Other assignments of error have been considered, but they have been covered above and in the former opinion in this case. The judgment of the trial court is affirmed.

It is so ordered.