No. 41,419

DAVID D. BATEMAN, By and Through His Father and Legal Guardian, BERTRAND D. BATEMAN, *Appellant*, v. CHARLES EDWIN CRUM, a Minor, By and Through His Father and Natural Guardian, EDWIN E. CRUM, *Appellee*.

(348 P. 2d 639)

Opinion filed January 23, 1960.

*John F. Stites,* of Manhattan, argued the cause, and *Richard D. Rogers,* of Manhattan, was with him on the briefs for the appellant.

*Charles S. Arthur,* of Manhattan, and *Arthur S. Humphrey,* of Junction City, argued the cause, and *Charles D. Green,* of Manhattan, was with them on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action for damages arising out of an automobile accident. From a judgment in favor of defendant, plaintiff appeals.

The petition alleged that plaintiff (appellant), David D. Bateman, was driving his automobile west on U. S. Highway No. 24, approximately one mile west of Manhattan, at about 3:00 p. m., and Louise Pence [not a party to this action] was driving her car east on the same highway; that she started to pass the car of defendant (appellee), Charles Edwin Crum, which was parked parallel to and on the south side of the highway in front of his home, headed in an easterly direction, when defendant, in a negligent and careless manner, drove out onto highway No. 24, causing Mrs. Pence to swerve to the left side thereof, where her auto collided with plaintiff's automobile. The petition further alleged that plaintiff received permanent and progressive injuries and damages which were the direct and proximate result of the negligent acts of defendant in driving toward the highway so as to cause Mrs. Pence to reasonably believe there was immediate danger of a collision, in failing to give any proper signal or warning to any approaching vehicles that he was about to enter onto the highway, and in driving onto the highway when Mrs. Pence's auto was in such close proximity as to cause immediate danger of collision which was the cause of her driving her auto to the left lane of traffic, where she struck plaintiff's automobile.

Defendant's answer, insofar as pertinent, denied plaintiff's allegations and alleged that the collision was proximately caused by the concurrent negligence of Mrs. Pence in driving her auto in the left lane of the highway and of plaintiff in failing to turn his auto aside when he saw or could have seen Mrs. Pence driving in the wrong lane. Plaintiff replied with a general denial.

On the issues thus joined, the parties presented their evidence and the cause was submitted to the jury under the instructions of the court, and at the same time certain special questions were submitted for the jury's consideration, to all of which there was no objection by either party. The jury returned into court its general verdict as follows:

"We, the Jury, impaneled and sworn, in the above-entitled cause, do upon our oaths find for the defendant.

"That *even though the forward motion of the Crum car constituted a potential hazard, it is the belief of the jury that the proximate cause of the accident was Louise Pence.*"

[The italicized portion of the verdict was in the handwriting of the jury and not a part of the form submitted by the court.]

At the same time the jury returned the answers to the special questions submitted by the court:

"1. Do you find defendant guilty of any negligence? Answer: Yes, contributory.

"2. If you answer Question No. 1 in the affirmative, state what the negligence of defendant consisted of. Answer: Starting his car in motion.

"3. Do you find that David Bateman was negligent in any respect contributing to the collision? Answer: No.

"4. How far to the north onto the shoulder could David Bateman have driven his car safely? Answer: Because of condition of shoulder he could not have driven on it with safety.

"5. Could David Bateman have turned north onto the shoulder of the road in time to avoid the collision with the Pence vehicle? Answer: No.

"6. What prevented David Bateman from seeing Louise Pence on the wrong side of the road in time to have turned aside to avoid the collision? Answer: Time element.

"7. What was the proximate cause of the collision between Louise Pence and David Bateman? Answer: Louise Pence's car in west bound lane."

Following the overruling of plaintiff's post-trial motions, he appeals, contending that (1) the court erred in not striking the answer to special question No. 7 on the ground it was a conclusion of law and in contradiction of the answers to special questions Nos. 1 and 2, (2) the answers to the special questions were inconsistent with the general verdict, and (3) the verdict was contrary to the evidence.

The record reveals that on the day of the accident the weather was rainy and cloudy; highway No. 24, which runs east and west and "up and down," was blacktop and wet and the shoulders were muddy, and at approximately 3:00 p. m. Louise Pence [not a party to this action] was driving east on the highway toward Manhattan and as she approached defendant's home, in front of which was parked his car, she swerved and applied her brakes, the rear wheels skidded and she crashed into plaintiff's car as he was driving west on his side of the same highway.

There is a conflict in the testimony regarding the position of defendant's car immediately prior to the collision. Mrs. Pence and two other witnesses testified to the effect that as she approached defendant's car, which was parked parallel to the highway in front of his home, he drove his automobile onto the highway al-

most directly in front of her vehicle causing her to swerve to the left and apply her brakes, whereupon the rear wheels skidded and her vehicle collided with plaintiff's car as it was being driven west on the same highway. Defendant testified he got into his car located at the side of the highway, looked back, then stopped his automobile before entering the paved portion of the highway. Defendant's father testified that his son had not driven onto the paved portion of the highway. A Mr. Rhoads testified that immediately after the collision he saw defendant's car on the shoulder and at a ten-degree angle to the highway with the left front wheel just touching the pavement, and that defendant's car was not involved in the accident. Highway patrolman Yager testified he arrived shortly after the collision, at which time defendant's vehicle was parallel to the highway; that defendant's car was not involved in the accident other than being parked on the south side of the road.

As to plaintiff's first contention that the answer to special question No. 7 is a conclusion of law, it may be stated that the trial court instructed on negligence and proximate cause, to which there was no objection. Moreover, there was no objection to the special question either at the time it was submitted to the jury or at the time the jury returned into court its answers to the special questions. Since plaintiff did not enter his objection at the proper time, he is in no position to complain now. (*McKinley-Winter Livestock Commission Co. v. Fletcher*, 185 Kan. 637, 347 P. 2d 433; *Shivers v. Carlson*, 178 Kan. 170, 177, 283 P. 2d 450.) However, inasmuch as the trial court instructed on proximate cause, we do not deem the answer to special question No. 7 a conclusion but clearly a finding of ultimate fact and, as such, may not be disregarded. (*Creten v. Chicago, Rock Island & Pac. Rld. Co.*, 184 Kan. 387, 401, 337 P. 2d 1003.) The question of proximate cause is almost always a question for the jury. It becomes a question of law only where the facts are agreed upon and are not in dispute. (*Kendrick v. Atchison, T. & S. F. Rld. Co.*, 182 Kan. 249, 261, 320 P. 2d 1061.)

Plaintiff's second contention is that the answers to the special questions are inconsistent with the general verdict. In considering this question we must bear in mind the often repeated rule of this court that a general verdict imports a finding in favor of the prevailing party upon all issues in the case not inconsistent with the special findings, which are to be given such a construction, if possible, as will bring them into harmony with the general verdict. In considering answers of the jury to special questions, this court is

not permitted to isolate one answer and ignore others, but all are to be considered together, and if one interpretation leads to inconsistency and another to harmony with the general verdict, the latter is to be adopted. ( *Creten v. Chicago, Rock Island & Pac. Rld. Co.*, supra; *Cain v. Steely*, 173 Kan. 866, 874, 252 P. 2d 909.) We can find no inconsistency between the answers to the special questions and the general verdict.

The answers to questions Nos. 1 and 2 found defendant guilty of contributory negligence in starting his car in motion, but the jury's addition to the general verdict found that even though the forward motion of defendant's automobile constituted a potential hazard, it was not the proximate cause of the collision, inasmuch as the proximate cause of the accident was Louise Pence. A comparison of the answers to the special questions with the general verdict shows them to be in harmony with each other and with the general verdict.

The answer to plaintiff's third contention is that this is purely a fact case and our review of the record reveals ample evidence to sustain the answers to the special questions and the general verdict of the jury. It follows that the judgment of the trial court is affirmed.

It is so ordered.