No. 41,620

Hazel Taylor, *Appellant*, v. Paul R. Johnson, *Appellee*.

(352 P. 2d 436)

Opinion filed May 14, 1960.

R. L. Letton and J. Curtis Nettels, both of Pittsburg, argued the cause, and P. E. Nulton and R. L. White, both of Pittsburg, were with them on the briefs for the appellant.

Herman W. Smith, Jr., of Parsons, and Perry Owsley, of Pittsburg, argued the cause, and Elmer W. Columbia and John B. Markham, both of Parsons, were with them on the briefs for the appellee.

The opinion of the court was delivered by

Jackson, J.: Mrs. Taylor and Johnson were the drivers of two automobiles which collided at the intersection of two streets in the city of Girard. Mrs. Taylor suffered grievous and permanent injuries as a result of the collision, especially to her right leg and foot, and brought an action against Johnson for damages. Following a trial to a jury, a general verdict was returned in the sum of $18,000 in plaintiff's favor and certain special questions were answered by the jury. The trial court upon motion of defendant set aside the general verdict and entered judgment for defendant upon the answers to the special questions. Plaintiff has appealed.

The collision involved in this appeal occurred at the intersection of Ozark and Willow streets at about 3:20 p. m. on November 11, 1957. Ozark street runs north and south and Willow goes east and west. There were no stop signs or other traffic controls at the intersection. Plaintiff approached the intersection on Willow street proceeding west, and defendant was driving north on Ozark.

There seem to have been no particular obstructions to vision at the intersection.

The single question in this appeal is as to the effect of the special findings of the jury. After finding a general verdict for plaintiff, as noted above, the jury answered the special questions submitted to them by the court as follows:

"Q. No. 1. Did plaintiff look to the south before entering the intersection?

"A. Yes.

"Q. No. 2. If you answer question No. 1 in the affirmative, how far, in feet, east of the center of the intersection was plaintiff's car when she looked to the south?

"A. 75 to 100 feet.

"Q. No. 3. In how many feet could plaintiff have stopped her car traveling at a speed of 20 miles per hour under the circumstances existing just prior to the collision?

"A. 52 feet.

"Q. No. 4. What, if any, negligence do you find against defendant Paul R. Johnson which was the proximate cause of the collision?

"A. Excessive speed, car not under control and failure to yield right-of-way.

"Q. No. 5. Do you find the plaintiff Hazel Taylor guilty of any act of negligence which caused or contributed to the collision?

"A. Yes."

We are informed that the jury first returned their verdict without answering special question No. 5 above. The court thereupon requested that they return to the jury room and complete the answers to the special questions. This was done with the result shown above.

Defendant in due time filed a motion for judgment notwithstanding the general verdict. Plaintiff filed a motion for new trial, but later withdrew the same and stood on a motion to set aside the answer to question No. 5. As noted above, the court sustained the defendant's motion and overruled plaintiff's motion.

In this appeal, plaintiff does not appear to challenge the answer to question No. 5 upon the ground that there was no evidence to support the answer. In fact, under the evidence it would seem that the jury was of the opinion that plaintiff was not keeping an adequate watch for automobiles approaching the intersection at a time when she could easily have seen the defendant and ascertain from his actions that he could not stop his car. She frankly testified that she did not see the defendant until about the time she herself entered the intersection. The answers to questions Nos. 1, 2, and 3 do not state that plaintiff saw the defendant, and the answer to No. 3 would indicate that plaintiff had ample time to avoid the accident, if she had seen defendant. Furthermore,

there was nothing to prevent plaintiff from watching to the south as she came nearer than 75 feet from the intersection.

While plaintiff was on defendant's right and therefore had the right of way, she could not drive in front of an oncoming car, and had a duty to observe the traffic approaching the intersection.

The real argument on the appeal would appear to amount to a misconstruction of what was said by this court in the cases of *Scott v. Bennett*, 181 Kan. 410, 312 P. 2d 224, and *Ziegelasch v. Durr*, 183 Kan. 233, 326 P. 2d 295. While there would appear to us to be no room for misconstruction of what was said in those cases, we shall analyze the matter briefly.

This court has long had the rule that where a jury makes specific findings as to specific facts and then gives an answer to a question calling for a general finding based upon its answers to the specific findings, the last answer is controlled by the answers to the specific facts. (See cases cited in the opinion of the Scott case.) Why is this rule sound?

This question involves the fundamental functions of the court and jury. The function of the jury is to decide disputed questions of fact and then to apply to the findings of fact the law given to them by the court. If the jury finds specific questions of fact which in and of themselves convict the plaintiff of negligence and then makes a general conclusion from those findings contrary to the clear purport thereof, the court may set aside the conclusion as controlled by the specific findings because, after finding the facts specifically, the jury has misapplied the law thereto. Attention is directed to *Reynolds v. Bank*, 104 Kan. 215, 178 Pac. 605, where this court briefly stated this conclusion.

We fear plaintiff has misunderstood the use of the term conclusion of law. She makes no real contention that findings Nos. 1, 2, and 3 control the answer to question No. 5, or are inconsistent therewith. Actually the answer to question No. 3 lends support to the answer to question No. 5.

Suppose in a case in which the facts are disputed and the jury is asked the one simple question: Was the plaintiff contributorily negligent? And, further, suppose the jury answers, "yes." We know of no case holding that the answer constitutes a question of law or that it could be set aside by the court, if supported by the evidence. In *Richardson v. Weare*, 62 N. H. 80, we find a case identical to the hypothetical case just supposed. The Supreme Court of New Hampshire affirmed the action of the trial court in entering judgment for the defendant.

The question has arisen as to whether the judgment entered by the trial court in this case is consistent with the very recent case of *Bateman v. Crum*, 186 Kan. 1, 348 P. 2d 639. The Bateman case involved an automobile collision on a state highway in which three automobiles had a part. Plaintiff was proceeding west on the highway, the Pence car was proceeding east (Pence was not a party to the action). The defendant Crum seems to have been parked off the highway on the south side headed toward the east. Plaintiff's theory of the case was that defendant started his car toward the highway putting Pence in fear of a collision and causing her to veer over to plaintiff's side of the road where the collision between Pence's car and plaintiff's car took place.

The jury found a general verdict for defendant, and then wrote in the following voluntary statement: "That even though the forward motion of the Crum car constituted a potential hazard, it is the belief of the jury that the proximate cause of the accident was Louise Pence." The jury then proceeded to answer special questions as follows: No. 1, as to defendant's negligence, "Yes, contributory."

The jury in other answers absolved plaintiff of contributory negligence, and finally, in question No. 7 found the proximate cause of the accident to have been: "Louise Pence's car in west lane."

The above special questions and the voluntary statement of the jury raised some serious questions in the minds of several members of the court. Had the jury found that the defendant had put a "force" in motion which had contributed to the accident at the scene thereof? If so, had not the jury misconstrued the law of the case even though it found Louise Pence to have been the proximate cause of the accident? It is elementary that there can be two proximate causes. In the end, there were no dissents to the opinion of the court as written, because from the evidence it was not clear that the defendant's car ever entered the highway, and the Pence car may have been driven to the wrong side of the highway unnecessarily. As expressed in the opinion of the court, there is a rule that the findings are to be construed, if possible, to be consistent with the general verdict and with each other.

But any question concerning the correctness of the decision in the case of *Bateman v. Crum*, supra, would only appear to strengthen the view that the trial judge came to the correct conclusion in the instant case. Moreover, here the jury answered affirmatively to

the question of whether plaintiff was guilty of any act of negligence which *caused or contributed* to the collision. Obviously, the jury understood the judge to be referring to the action of the plaintiff at the scene of the accident. It is true that the word "proximate" was not used in the question, but how would any one define "proximate cause" differently than in the language of the question? "Proximate" is a word often misunderstood by laymen.

It should be pointed out also that plaintiff at no time objected to the form of question No. 5, nor to any of the other questions, and asked for no additional questions.

Although the plaintiff has everyone's sympathy as to her grievous hurt, from what has been said, we believe that the answers to the special questions were inconsistent with the general verdict in plaintiff's favor, and that the trial judge was fully authorized to enter judgment upon the special findings in favor of the defendant (G. S. 1949, 60-2918).

The judgment below must be affirmed. It is so ordered.

WERTZ, J. (dissenting): I am unable to agree that the jury's answers to the special questions are so inconsistent with the general verdict as to compel a judgment to be entered thereon in favor of the defendant.

In considering this question we must bear in mind the often-repeated rule of this court that a general verdict imports a finding in favor of the prevailing party upon all the issues in the case not inconsistent with the special findings, and nothing will be presumed in favor of the special findings. They shall be given such a construction, if possible, as will bring them into harmony with the general verdict. If there are ambiguous special findings, then they should be given an interpretation that will sustain the general verdict. (*Kitchen v. Lasley Co.*, 186 Kan. 24, 29, 348 P. 2d 588; *Hurley v. Painter*, 182 Kan. 731, 736, 324 P. 2d 142; *King v. Vets Cab, Inc.*, 179 Kan. 379, 384, 295 P. 2d 605, 56 A. L. R. 2d 1249; *Cain v. Steely*, 173 Kan. 866, 252 P. 2d 909; *Hubbard v. Allen*, 168 Kan. 695, 701, 215 P. 2d 647; *Davis v. Kansas Electric Power Co.*, 159 Kan. 97, 108, 152 P. 2d 806; *Simeon v. Schroeder*, 170 Kan. 471, 474, 227 P. 2d 153; *MacElree v. Wolfersberger*, 59 Kan. 105, 52 Pac. 69.)

In considering answers of the jury to the special questions, the court is not permitted to isolate one answer and ignore others, but all are to be considered together, and if one interpretation leads to

inconsistency and another to harmony with the general verdict, the latter is to be adopted.  In order to sustain a motion for judgment on the findings it is not sufficient that there be some inconsistency among the findings; they must be so contrary to the general verdict as to clearly *compel* the court to overthrow the verdict and render a contrary verdict as a matter of law.  (*Creten v. Chicago, Rock Island & Pac. Rld. Co.*, 184 Kan. 387, 400, 337 P. 2d 1003; *Sparks v. Guaranty State Bank*, 182 Kan. 165, 168, 318 P. 2d 1062; *Snyder v. City of Concordia*, 182 Kan. 268, 320 P. 2d 820; *Dick's Transfer Co. v. Miller*, 154 Kan. 574, 119 P. 2d 454; *Lee v. Gas Service Company*, 166 Kan. 285, 288, 201 P. 2d 1023.)

It is another well-established rule in this state that a general finding in the nature of a conclusion must yield to contrary specific and detailed findings on a particular point in issue.  In *Hultberg v. Phillippi*, 169 Kan. 610, 220 P. 2d 208, we were confronted with a similar situation.  One of the special questions to the jury and the answer thereto follows: "7.  Did Mrs. Hultberg [plaintiff], by her own negligence, contribute to her injury?  Answer: Yes."  In that case the defendant contended that the answer definitely settled the question of plaintiff's contributory negligence and barred recovery.  We said: "We cannot agree.  In the first place, the question calls for the conclusion of the jury as a matter of law rather than a finding on a specific question of fact.  It is definitely general in character and is purely in the nature of a conclusion.  Such general finding or conclusion, if contradicted by detailed findings, cannot prevail, but is controlled by and must yield to the special or detailed findings of ultimate facts.  (*Harrison v. Travelers Mutual Cas. Co.*, 156 Kan. 492, 134 P. 2d 681.)"  We further stated in that case that the jury's findings as to specific facts clearly established negligence on the part of the defendant and absolved plaintiff from any contributory negligence which would bar her recovery, and under the rule the conclusion contained in answer No. 7 must yield to the detailed findings of such specific facts.

This same rule was reiterated in *Scott v. Bennett*, 181 Kan. 410, 414, 312 P. 2d 224, wherein we held that where the answer to a special question is general in nature, calling for a conclusion, if contradicted by special or detailed findings cannot prevail but is controlled by and must yield to detailed findings of ultimate facts.  We further stated that one may be guilty of negligence and still not be barred from recovery unless such negligence was a proximate cause of the collision and damage sustained.

Mindful of the foregoing rules of law, let us analyze the answers to the special questions so as to harmonize them, if possible, with the general verdict. Defendant's motion for judgment on the answers to the special questions notwithstanding the general verdict concedes, for that purpose, that the answers are supported by evidence. (*Cain v. Steely,* supra.)

The answers to questions Nos. 1 and 2 found that the plaintiff looked before entering the intersection when seventy-five to 100 feet from the center thereof. It is noted the jury did not find that she saw defendant or that defendant was in view at the time she looked or at the time she entered the intersection. Certainly, no negligence is found by the answers to these two questions.

The answer to question No. 3 that plaintiff could have stopped in fifty-two feet just prior to the collision is meaningless. It is not disclosed that she saw defendant or was aware of the fact that he would disregard the law and fail to yield the right of way and enter the intersection at a high rate of speed without having his car under control, as disclosed by the answer to question No. 4. She had a right to rely on the rule of law that others using the streets and entering the intersection would obey the law. In *Reda v. Lowe,* 185 Kan. 306, 312, 342 P. 2d 172, we said: "The operator of an automobile on a public highway may assume others using the highway will observe the laws of the road and he is not guilty of contributory negligence in such assumption unless and until he has knowledge to the contrary. (*Fry v. Cadle,* 171 Kan. 14, 229 P. 2d 724.)"

By the answer to question No. 4 the jury clearly established that the defendant, Johnson, was guilty of three separate acts of negligence—excessive speed, not having his car under control and failing to yield the right of way—and that such acts of negligence were *the* proximate cause of the collision. The answer is definite and certain, specific and in accord with the general verdict.

Question No. 5 was injected into the lawsuit by the trial court. It is poorly framed and calls for a conclusion. The jury was confused and did not answer it at first. The court required the jury to return to the jury room and answer the question. It is misleading in that it did not ask what acts of negligence, if any, the plaintiff was guilty of or whether such negligence, if any, was *a* proximate cause of the collision. It is clear that the answer to question No. 5, being in the nature of a conclusion, must give way to the specific and definite answer regarding the negligence of the defendant,

which was *the* proximate cause of the collision, as disclosed by the answer to question No. 4. It seems clear to me that while the jury found plaintiff's negligence contributed to the collision, by its general verdict it found that such negligence was not a proximate cause of the collision and by its answer found that the sole proximate cause was the negligence of defendant as specified. (*Bateman v. Crum*, 186 Kan. 1, 5, 348 P. 2d 639.)

I feel that the majority opinion in the instant case is in direct conflict with our very recent cases of *Bateman v. Crum*, supra; *Scott v. Bennett*, supra, and *Hultberg v. Phillippi*, supra, where in my opinion the identical questions were at issue. I believe that the judgment of the trial court should be reversed with directions to enter judgment for the plaintiff on the general verdict. Surely this court cannot supplement the jury's answer to special question No. 5 and in view of the general verdict hold as a matter of law that plaintiff's contributory negligence was a proximate cause of the collision.

Robb, J. (dissenting): I am in agreement with the foregoing dissenting opinion of Mr. Justice Wertz but wish to add that in my opinion the trial court misled the jury by using the specific words "proximate cause" in its special question No. 4 while in special question No. 5 it omitted the word "proximate" and used the words "caused or contributed," and further, that the jury's answer to question No. 4 in regard to the order and arrangement of the three negligences therein spelled out, which the facts of the case showed occurred at an intersection of city streets, convicted the defendant of gross and wanton negligence to which contributory negligence on the part of the plaintiff as a matter of law would be no defense.